UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**MARY WARD,**                                    )

    **PLAINTIFF,**                                )

                     )

**v.**                                            )   **CIVIL ACTION NUMBER:** 1:18-cv-426
                     )   **JURY TRIAL DEMANDED**

                     )

**AMERICAN CREDIT**                              )
**ACCEPTANCE, LLC; VICTOR**                      )
**CASON D/B/A CASON**                            )
**REPOSSESSION AND/OR**                          )
**CASON TOWING;**                                )

                     )

    **DEFENDANTS.**                               )

                     )

## COMPLAINT

**COMES NOW** the Plaintiff, **Mary Ward**, by and through undersigned

counsel, and for her complaint against the Defendants states as follows:

### STATEMENT OF THE PARTIES

1.    Plaintiff, Mary Ward, is over the age of nineteen (19) years old and is

       a resident of the city of Ashford, in Houston County, Alabama.

2.    Defendant American Credit Acceptance, LLC. (hereinafter "ACA") is

Page 1 of 16

a foreign limited liability company formed under the laws of the State of South Carolina and with a principal address in the State of South Carolina.  ACA is qualified to do business in the state of Alabama and was, at all times relevant herein, doing business in the state of Alabama and in this District.  ACA is, upon information and belief, in the business of providing automobile financing.

3.   Defendant Victor Cason d/b/a Cason Repossession or Cason Towing (hereinafter "Cason") is an individual who is upon information and belief, over the age of 19 years and is a resident of Houston County, Alabama.  Upon information and belief, Cason is in the business of automobile repossessions and is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

4.   Plaintiff purchased a 2005 Ford Escape ("the Vehicle") from TJS Motors, Inc. on or about March 12, 2015.

5.   At some point thereafter, Defendant ACA acquired or was assigned the loan used to purchase the Vehicle or otherwise financed the loan used to purchase the Vehicle.

6.    On or about March 31, 2017, the vehicle was involved in an accident and, as a result, was declared a total loss.

7.    On or about December 25, 2017, Defendant ACA sent Plaintiff a letter requesting information relating to a current copy of the insurance policy for the Vehicle.

8.    In response to this letter, Plaintiff's attorney who represented her with regard to the March 31, 2017 car accident wrote to ACA on or about January 8, 2018 and explained that the vehicle no longer exists as it was destroyed in a collision.

9.    Despite receiving notice that the Vehicle was destroyed, at some point during or prior to March 2018, Defendant ACA hired, contracted with or otherwise retained Defendant Cason to repossess the Vehicle.

10.    A week or two prior to March 7, 2018, Defendant Cason came to Plaintiff's home.  At that time, Defendant Cason demanded the Vehicle, threatened Plaintiff and breached the peace in and about his efforts to repossess Plaintiff's vehicle.  Plaintiff asked Cason to contact her attorney who represented her in the car accident regarding the Vehicle.

11.    Cason did contact the attorney who represented the Plaintiff in the car accident case.  It was explained to Cason that Plaintiff no longer had possession of the vehicle as it had been declared a total loss following the car accident in March 2017.   Cason was asked to desist in his efforts to repossess the Vehicle and to leave Plaintiff alone as she did not have possession of the Vehicle any longer.

12.    On or about March 7, 2018, Cason returned to the Plaintiff's home. At that time Cason threatened the Plaintiff, again breached the peace and stated that he would come back to her home every single day until she paid him.  These threats were made in front of Plaintiff's grandchildren and her neighbors.

13.    At the time of the incidents made the basis of this lawsuit, Cason and its employees/agents were operating as agents for ACA.

14.    The debt of the Plaintiff claimed by the Defendants was incurred for personal, family or household services and is a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

15.    Upon information and belief, Cason regularly collects or attempts to collect debts/security interests owed or due or asserted to be owed or due to another.

16.   Cason and its employees or agents are debt collectors subject to the provisions of the FDCPA.

17.   In the course of attempting to take possession of the Vehicle from the Plaintiff, Cason and its agents or employees acted in a manner which violated the FDCPA.

18.   Cason and its employees or agents, acting on behalf of ACA, breached the peace in and about their efforts to repossess the Vehicle.

## COUNT ONE
## (NEGLIGENCE)

19.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.   Defendants were under a duty to not breach the peace and to not harm the Plaintiff in and about their efforts to use non-judicial self-help in repossessing the Vehicle.

21.   The Defendants breached that duty.

22.   At all times pertinent, Cason was acting as the agent of and for the benefit of Defendant ACA.  Cason's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between Cason and ACA.   Further, repossessing a

vehicle with non-judicial self-help constitutes a non-delegable duty.

For these reasons, ACA is liable to the Plaintiff directly and pursuant

to the doctrine of *respondeat superior*.

23.    Further, ACA knew or should have known that the Vehicle had been

destroyed and was no longer in the possession of the Plaintiff such

that it could be repossessed.  ACA acted negligently when it sent

Cason to Plaintiff's home to repossess the Vehicle.

24.    As a result of Defendants' negligence, Plaintiff was caused to suffer

damage including but not limited to: physical injury, worry, stress,

anxiety, embarrassment, physical pain, mental anguish and emotional

distress.

25.    Wherefore, Plaintiff seeks judgment in her favor against Defendants

for compensatory damages in such a sum as the jury may assess along

with such other and further relief as may be necessary, just and

proper.

## COUNT TWO
## WANTONNESS

26.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

27.   Defendants acted wantonly when, in the course of attempting to
      repossess Plaintiff's vehicle on behalf of Defendant ACA, its
      employees and agents harmed the Plaintiff.

28.   Defendants recklessly and wantonly breached the peace in the course
      of attempting to repossess the Vehicle.

29.   At all times pertinent, Cason was acting as the agent of and for the
      benefit of Defendant ACA. Cason's acts and omissions were
      undertaken in the line and scope of the principal/agent relationship
      that existed between Cason and ACA and were intended to benefit
      ACA. Further, repossessing a vehicle with non-judicial self-help
      constitutes a non-delegable duty. For these reasons, ACA is liable to
      the Plaintiff directly and pursuant to the doctrine of *respondeat*
      *superior*.

30.   As a result of Defendants' acts and omissions detailed herein,
      Plaintiff was caused to suffer damage including but not limited to:
      physical injury, worry, stress, anxiety, embarrassment, physical pain,
      mental anguish and emotional distress.

31.   Wherefore, Plaintiff seeks judgment against Defendants for
      compensatory and punitive damages in such a sum as the jury may

assess along with such other and further relief as may be necessary,
just and proper.

## COUNT THREE
## TRESPASS

32. Plaintiff incorporates by reference all of the above paragraphs of this
    Complaint as though fully stated herein.

33. At the time of the incidents made the basis of this lawsuit, Defendant
    Cason intentionally entered Plaintiff's property without her consent
    or, alternatively, Cason's actions on Plaintiff's property exceeded any
    authority it may have had to be upon Plaintiff's property.

34. The illegal entries by Cason onto Plaintiff's property caused her
    harm.

35. At all times pertinent, Cason was acting as the agent of and for the
    benefit of Defendant ACA. Cason's acts and omissions were
    undertaken in the line and scope of the principal/agent relationship
    that existed between Cason and ACA. Further, repossessing a
    vehicle with non-judicial self-help constitutes a non-delegable duty.
    For these reasons, ACA is liable to the Plaintiff directly and pursuant
    to the doctrine of *respondeat superior*.

36.    As a result of Defendants' acts and omissions detailed herein,

Plaintiff was caused to suffer damage including but not limited to:

physical injury, worry, stress, anxiety, embarrassment, physical pain,

mental anguish and emotional distress.

37.    Wherefore, Plaintiff seeks judgment against Defendants for

compensatory and punitive damages in such a sum as the jury may

assess along with such other and further relief as may be necessary,

just and proper.

## COUNT FOUR
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## AGAINST DEFENDANT UAR

38.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

39.    Defendant Cason is a debt collector as that term is defined by the Fair

Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

40.    The foregoing acts and omissions of Defendant Cason and its

employees and agents constitute a violation of the FDCPA, 15 U.S.C.

§ 1692f(6), with respect to Plaintiff.

41.    15 U.S.C. § 1692f(6) prohibits taking any nonjudicial action to effect

dispossession of property if there is no present right to possession of

Page 9 of 16

the property.

42.    Once Cason's employees or agents breached the peace, they lost any

right to use non-judicial self-help to repossess the vehicle and

violated the FDCPA.

43.    As a direct and proximate result of the wrongful conduct visited upon

Plaintiff by Cason in its collection efforts, Plaintiff suffered actual

damages including, but not limited to, worry, stress, anxiety,

embarrassment, physical pain, mental anguish and emotional distress.

44.    As a result of Defendant Cason's violations of the FDCPA, Plaintiff

is entitled to actual damages in an amount to be determined by a

struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §

1692k(a)(3), from Defendant Cason.

## COUNT FIVE
## NEGLIGENT TRAINING AND SUPERVISION

45.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

46.    The Defendants knew or should have known of the conduct set forth

herein which was directed at and visited upon Plaintiff.

47. The Defendants knew or should have known that said conduct was improper and violated the law.

48. The Defendants negligently failed to train and/or negligently failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

49. Defendants negligently failed to train and supervise their employees with regard to repossessing vehicles.

50. As a result of Defendants' negligence, Plaintiff suffered harm including, but not limited to, stress, anxiety, embarrassment, physical injury, mental anguish and emotional distress.

51. Wherefore, Plaintiff seeks judgment against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT SIX
## RECKLESS AND WANTON TRAINING AND SUPERVISION

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The Defendants knew or should have known of the conduct set forth

herein which was directed at and visited upon Plaintiff.

54. The Defendants knew or should have known that said conduct was improper and violated the law.

55. The Defendants recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

56. Defendants recklessly and wantonly failed to train and supervise their employees regard to repossessing vehicles.

57. As a result of Defendants' reckless and wanton conduct, Plaintiff suffered harm including, but not limited to, stress, anxiety, embarrassment, physical injury, mental anguish and emotional distress.

58. Wherefore, Plaintiff seeks judgment against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT SEVEN
## INVASION OF PRIVACY

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.    Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

61.    Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of attempting to repossess the Vehicle when they knew or should have known that the Vehicle was no longer in the Plaintiff's possession and that their efforts to repossess the Vehicle would result in harm to the Plaintiff thereby invading and intruding upon Plaintiff's right to privacy.

62.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and home.

63.    The conduct of these Defendants and their agents, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that same position.

64.    As a result of such intrusions and invasions of privacy, Plaintiff is

Page 13 of 16

entitled to punitive and actual damages in an amount to be determined at trial from Defendants.

65.   At all times pertinent, Cason was acting as the agent of and for the benefit of Defendant ACA.  Cason's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between Cason and ACA.   Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, ACA is liable to the Plaintiff directly and pursuant to the doctrine of *respondeat superior*.

66.   Wherefore, Plaintiff seeks judgment against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT EIGHT
## VIOLATION OF THE U.C.C. AGAINST DEFENDANT ACA

67.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68.   ACA's manner of repossessing the Vehicle was a breach of the peace in violation of Ala. Code § 7-9A-609.

69.   As a proximate cause of ACA's wrongful conduct, the Plaintiff has

been damaged.

70.   Wherefore, Plaintiff seeks judgment against ACA for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief allowable by law and as this court deems proper and/or necessary.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

JOHN C. HUBBARD
Attorney for Plaintiff

Page 15 of 16

**OF COUNSEL:**

**JOHN C. HUBBARD, LLC**
P.O. Box 953
Birmingham, AL 35201
Telephone: (205) 378-8121
Facsimile: (205) 690-4525
jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**
Ms. Mary Ward
807 6th Ave., Apt. 1
Ashford, AL 36312

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN
RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**AMERICAN CREDIT ACCEPTANCE, LLC**
C/O Registered Agent
C T Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**VICTOR CASON D/B/A CASON
REPOSSESSION AND/OR CASON TOWING**
C/O Victor Cason
854 North Oates St.
Dothan, AL 36303