# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | 1:18-CV-426 |
| AMERICAN CREDIT | ) | |
| ACCEPTANCE, LLC, VICTOR | ) | |
| CASON | ) | |
| d/b/a CASON REPOSSESSION | ) | |
| AND/OR | ) | |
| CASON TOWING, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF KEVIN JENSEN

STATE OF SOUTH CAROLINA      )

COUNTY OF SPARTANBURG      )

**BEFORE ME,** the undersigned authority, personally appeared Kevin Jensen, who, first being duly sworn on oath, deposes and says of his personal knowledge that:

1.      My name is Kevin Jensen.  I am over 21 years of age, competent to testify about the matters stated below, and am authorized to make this affidavit on behalf of American Credit Acceptance, LLC ("ACA").  ACA is a South Carolina limited liability company with its principal place of business in South Carolina.

2.    I am employed at ACA as Head of Servicing. Because of my experience with ACA, I am familiar with its operations and record-keeping. Through my employment with ACA I have access to ACA's books and records (including access to electronically stored data) related to Plaintiff Mary Ward's ("Plaintiff") account with ACA. These records were made and/or kept in the ordinary course of ACA's regularly conducted business activities, and it is the regular practice of ACA's business activities to make and/or keep such records. I make this affidavit based on my review of ACA's business records related to Plaintiff's account with ACA. If called as a witness, I could and would testify competently to the facts in this affidavit.

3.    Attached as **Exhibit 1** is a true and correct copy of a Motor Vehicle Retail Installment Contract (the "Contract") between Plaintiff and TJs Motors Inc., for the purchase of a 2005 Ford Escape ("Vehicle") dated March 12, 2015.

4.    Attached as **Exhibit 2** is a true and correct copy of an Arbitration Agreement between Plaintiff and TJs Motors Inc. dated March 12, 2015 (the "Arbitration Agreement").

5.    On or about April 30, 2015, TJs Motors Inc. assigned all of its right, title and interest to the Contract and Arbitration Agreement to ACA.

6.    Plaintiff made payments under the Contract to ACA, which were received and processed in South Carolina.

7.     ACA contacted Plaintiff relating to the Contract from outside of Alabama.

FURTHER AFFIANT SAYETH NAUGHT.

Kevin Jensen

I, _Chad Jeter_____, a Notary Public in and for said County in said State, hereby certify that Kevin Jensen, whose name is signed to the foregoing AFFIDAVIT OF KEVIN JENSEN, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this _5th_ day of June, 2018.

_____
NOTARY PUBLIC

My Commission Expires: 4/27/2027

31714465 v1                                          4

**MOTOR VEHICLE RETAIL INSTALLMENT CONTRACT (Precomputed)  Date:** 03/12/2015  **Loan/Account No.** ▇

| Buyer (and Co-Buyer) Name and Address | Seller/Creditor Name and Address |
|---|---|
| MARY WARD<br>▇<br>ASHFORD, AL 36312- | TJS MOTORS INC<br>4193 ROSS CLARK CIR<br>DOTHAN, AL 36303 |

You, the Buyer (and Co-Buyer, if any), may buy the motor vehicle described below (the "Vehicle") for cash or on credit. The cash price of the Vehicle is shown on page 2 as "Cash Price." By signing below, you represent that you have been quoted only one cash price for the Vehicle. The credit price of the Vehicle is shown below as "Total Sale Price." By signing this Contract, you choose to buy the Vehicle on credit as described in this Contract. "We", "us" and "our" refer to the Seller sl above, and any subsequent assignee of this Contract. You promise to pay the Total of Payments shown in the Federal Truth in Lending Disclosure Box below ("TILA Box"), in accordance with the Payment Schedule shown below until the debt is fully paid.

| New/Used | Model Year and Make | Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2005<br>FORD | ESCAPE | ▇44301 | ☐ Personal, Family or Household<br>☐ Business ☐ Agricultural |

| Trade-In  N/A | | | | |
|---|---|---|---|---|
| Year, Make and Model | $ | N/A | $ N/A | $ N/A |
| | Gross Allowance | | Amount Owing | Net Trade-In |

### FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid when you have made all scheduled payments | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 500.00 |
|---|---|---|---|---|
| 22.9900 %<br>mw | $ 5242.54<br>mw | $ 11131.09<br>mw | $ 16373.63<br>mw | $ 16873.63 |

**Payment Schedule**

| Number of Payments | Amount of Each Payment | When Payments Are Due |
|---|---|---|
| 91 | 179.93 | BI-WEEKLY Beginning 04/07/2015 |
| N/A | N/A<br>mw | Last Scheduled Payment on 09/18/2018  mw |

**Prepayment:** If you pay off your debt early, you may be entitled to a refund of a part of the finance charge.
**Late Payment:** You must pay a late charge if any payment is not made in full within 10 days after the date the payment is due. The charge is $10 or five percent (5%) of the part of the payment that is late, whichever is greater, not to exceed $100.
**Security Interest:** You are giving a security interest in the Vehicle being purchased.
**Additional Information:** See this Contract for more information about nonpayment, default, any required repayment in full before the scheduled maturity date, our security interest, and prepayment penalties and rebates.

**GAP PROTECTION: Optional Guaranteed Auto Protection (GAP) is not required to obtain credit.** GAP protection will not be provided under this Contract unless you sign for it below and agree to pay the additional cost shown below and in item 4(d) of the ITEMIZATION OF AMOUNT FINANCED. You may obtain optional GAP protection from a person of your choice who is authorized to sell such coverage and who is acceptable to us. The GAP contract issued by the provider of the protection will describe the terms and conditions of coverage in further detail. If you want GAP protection, sign below.
Cost: $ N/A   Term: N/A   Provider: N/A

| Buyer | Date | Co-Buyer | Date |
|---|---|---|---|

© COPYRIGHT 2005 Wayne Reaves Computer Systems, Inc.
HC#48139v4 (4829-5356-4929) Alabama (Rev. 10/07)

er' s Initials _____


EXHIBIT
1

| INSURANCE | | ITEMIZATION OF AMOUNT FINANCED | |
|---|---|---|---|

**YOU MAY OBTAIN INSURANCE ON THE COLLATERAL FROM A PERSON OF YOUR CHOICE THAT IS AUTHORIZED TO SELL SUCH INSURANCE AND IS ACCEPTABLE TO US.**

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.**

**CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM SHOWN BELOW.**
The policies or certificates issued by the insurer will describe the terms and conditions in further detail. If you want any of the following insurance, please check the applicable box and sign below:

a. [ ] Credit Life ([ ] Buyer Only [ ] Joint)
Term: N/A       Premium $      N/A
Name of Insurer: N/A

b. [ ] Credit Disability ([ ] Buyer Only [ ] Joint)
Term: N/A       Premium $      N/A
Name of Insurer: N/A

c. [ ] Other Insurance
Term: N/A       Premium $      N/A
Name of Insurer: N/A

X_____
Buyer                          Date

X_____
Co- Buyer                      Date

THE CUSTOMER SERVICE FEE REPRESENTS COSTS AND PROFIT TO THE DEALER FOR ITEMS SUCH AS INSPECTING, CLEANING, AND ADJUSTING VEHICLES AND/OR DRAFTING, PREPARATION OF THIS UNIFORM CHARGE IS COMPENSATION FOR DRAFTING, PREPARATION OR COMPLETION OF LEGALLY BINDING DOCUMENTS OR DOCUMENTS REQUIRED BY OR FOR THE STATE AND/OR ANY STATE DEPARTMENT

**ITEMIZATION OF AMOUNT FINANCED**

1. **Cash Price** (Including sales tax of $   365.59 ) .... $    11265.59  (1)

2. **Down Payment**
   Cash Down Payment.......................................... $    500.00
   Deferred Down Payment ................................. $    N/A
   Net Trade-In (Description on page 1)................. $    N/A
   **Total Down Payment** ................................. $    500.00  (2)
   (If negative enter " 0"  and see line 4(c) below)

3. **Unpaid Balance of Cash Price** (1 minus 2)....... $    10765.59  (3)

4. **Amounts Paid to Others on Your Behalf**
   **(a) To Public Officials**
   (i) License, title & registration fees ..................... $    16.50
   (ii) Filing fees ............................................... $    N/A
   (iii) Taxes (not in Cash Price above)** .............. $    N/A
   ***(b) To Insurance Companies for:**
   (i) Vendor's Single Interest Insurance.............. $    N/A
   (ii) Credit Life Insurance ................................ $    N/A
   (iii) Credit Disability Insurance ......................... $    N/A
   (iv) N/A ..................................................... $    N/A
   **(c) Prior Credit or Lease Balance** ................. $    N/A
   To whom paid   N/A
   **(d) Other Charges:**
   *To N/A         for Optional Gap Protection.... $    N/A
   *To N/A         for Optional Service Contract. $    N/A
   *To/for  N/A                                        $    N/A
   *To/for  N/A                                        $    N/A
   *To/for   To The Seller **CUSTOMER SERVICE FEE   $    349.00
   **Total Amounts Paid to Others on Your Behalf (a + b + c + d).** $    365.50  (4)

5. **Amount Financed** ........................................ $    11131.09  (5)

*Seller may retain or receive a portion of these amounts

[ ] **VENDOR'S SINGLE INTEREST INSURANCE:** If this box is checked, insurance coverage to protect Seller's assignee from loss of or damage to the Vehicle (collision and comprehensive) is required. You have the option of furnishing the required insurance through anyone you wish who is acceptable to us. By placing your initials at the end of this sentence, you have elected to purchase this coverage through us, and you have agreed to pay the cost of such insurance as shown in item 4(b)(i) of the ITEMIZATION OF AMOUNT FINANCED. Buyer's Initials: _____. This coverage is for the initial term of this Contract. Vendor's Single Interest Insurance is for our sole protection this insurance does not protect your interest in the Vehicle. The charge for this insurance is not refundable upon prepayment of this Contract unless such a refund is required by law.

**NOTICE TO THE BUYER**
A. DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES.
B. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. **BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT. YOU ALSO ACKNOWLEDGE RECEIPT OF: (1) A TRUE AND COMPLETELY FILLED  IN COPY OF ALL PAGES OF THIS CONTRACT AT THE TIME YOU SIGN IT AND  (2) IF ARBITRATION IS AGREED UPON,  A COPY OF THE ARBITRATION AGREEMENT PERTAINING TO THIS CONTRACT.**

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

X_____        X_____
Buyer Signs                                Co-Buyer Signs

By signing below, the Seller/Creditor accepts this Contract

X TJS MOTORS INC          By_____        Title: Sale Manager
Seller

© COPYRIGHT 2005 Wayne Reaves Computer Systems, Inc.
HC#48139v4 (4829-5356-4929) Alabama (Rev. 10/07)

Buyer's Initials  M

## ADDITIONAL PROVISIONS

**Payments:** You jointly and severally agree to make all payments when they are due according to the Payment Schedule shown in the TILA Box on page 1 of this Contract. You may prepay this Contract at any time without penalty.

**Security Interest:** To secure your obligations, you give us a security interest in the Vehicle, all accessions, attachments, accessories and equipment placed in or on the Vehicle and all proceeds of the Vehicle. You also give us a security interest in all money or goods received for the Vehicle and all insurance premiums, service and other contracts we finance. The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract. You will not grant anyone else a security interest, lien or any other claim to the Vehicle without our express prior written consent.

**Finance Charges:** The Finance Charges in this Contract are precomputed. Upon or after assignment of this Contract, the Seller may receive a portion of the Finance Charges.

**Prepayment:** If you prepay this contract in full, you will be entitled to a refund of the unearned portion of the Finance Charges. If the term of this contract is 60 months or less, any refund to which you are entitled will be computed by using the rule of 78s. If the term of this contract is more than 60 months, any refund to which you are entitled will be computed using the actuarial method.

**Use of Vehicle:** You must take care of the Vehicle. You must obey all laws in using it. You must keep the Vehicle in your possession at the Buyer's address shown on page 1, unless we approve another address in writing. You may not sell or rent the Vehicle while it is subject to our lien. You must keep it free from the claims of others. You will not take it out of the United States without our prior written consent. You will immediately tell us of any change in your address or the address where the Vehicle is regularly kept. You agree not to add to the Vehicle any accessories, equipment or any other property in which any other person has an ownership or security interest.

**Warranties Seller Disclaims:** Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, the Seller makes no warranties, express or implied, on the Vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose. This provision does not affect any warranties covering the Vehicle that the Vehicle manufacturer may provide.

**Vehicle Insurance:** You must insure yourself and us for the term of this Contract against loss of or damage to the Vehicle with a policy in the Buyer's name acceptable to us. You will maintain comprehensive fire, theft and collision coverage, insuring the Vehicle for at least the Vehicle's fair market value. You will name us as loss payee and provide whatever evidence of insurance we request. You may obtain the insurance through a person of your choice, but we must approve the type and amount of insurance, and may for reasonable cause, decline the insurance provided by you. If you do not maintain the required insurance, and Vendor's Single Interest insurance for the Vehicle is not in effect, we may buy substantially similar coverage at your expense. We will add the cost of such insurance to your obligations due under this Contract. You agree to pay such costs either upon our demand or in installments, subject to a finance charge at the Annual Percentage Rate. The insurance we buy may, at our option, protect only our interest, or both your interest and ours. **Insurance we buy may cost substantially more than insurance you buy.** We will cancel the insurance we buy if you give us satisfactory proof of insurance. **Whether or not the Vehicle is insured, you will pay us all you owe under this Contract even if the Vehicle is lost, damaged beyond repair, or destroyed.**

**Late Charges and Returned Checks:** If we receive all or part of your payment late, you agree to pay us the charge for late payments shown in the TILA Box on page 1 of this Contract. You also agree to pay any costs we incur to collect any late payment, as allowed by law. If we accept a late payment, your default is not excused and you cannot keep making payments late. You agree to pay a charge equal to $30 for any check or other instrument you give us that is unpaid for any reason.

**Payment Extension:** You may ask us for an extension of the scheduled due date of a whole payment. If you obtain a payment extension, be advised that you will pay additional finance charges at the Annual Percentage Rate on the amount extended during the extension period. You must maintain the physical damage insurance required by this Contract during the period of such an extension. You may also extend the term of any optional insurance you bought with this Contract to cover the extension, if the insurance company or your insurance contract permits it and you pay the charge for extending such insurance. You will also pay any additional insurance charges resulting from the extension.

**Default:** You will be in default if you do not make any payment in full when such payment is due. You will be in default if you gave false or misleading information on your application relating to this Contract. You will be in default if you file a bankruptcy petition or if one is filed against you. You will be in default if the Vehicle is lost, damaged beyond repair, or destroyed. You will be in default if you do not keep any other agreement in this Contract.

If you are in default, we may require you to pay at once the unpaid balance of the Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this Contract. We may take back (repossess) the Vehicle. We

© COPYRIGHT 2005 Wayne Reaves Computer Systems, Inc.
HC#48139v4 (4829-5356-4929) Alabama (Rev. 10/07)

Page 3 of 4                    Buyer's Initials _mu_

may also take items of personal property found in the Vehicle when we take back the Vehicle and hold them for you. If you do not claim them within the time required by law, we will dispose of them in a commercially reasonable manner.

**ACKNOWLEDGEMENT OF PURCHASE OF VEHICLE CONTAINING PAST DUE STARTER INTERRUPT AS CONDITION OF SALE. Buyer understands that there may be a payment guarantee device installed on the Vehicle as a condition of sale. Buyer understands that if he/she does not make all payments as required under this Contract, THIS DEVICE WILL WILL PREVENT THE VEHICLE FROM BEING STARTED. Buyer agrees to sign all disclosure forms attached, and further understands and agrees that these forms are a part of this Contract and are incorporated herein as though fully set forth.**

**ACKNOWLEDGEMENT OF PURCHASE OF VEHICLE CONTAINING ELECTRONIC TRACKING DEVICE. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle.**

We may cancel any insurance or other products or services you have purchased in this Contract and apply any refunds we receive to the amount you owe. After default, if we hire an attorney who is not our salaried employee to collect any amounts you owe under this Contract and the Amount Financed, as shown in the TILA Box on page 1 of this Contract exceeds $300, you agree to pay the reasonable attorney's fees and collection and court costs we incur, including during any bankruptcy proceedings or upon any appeal, and as allowed by law. The maximum attorney's fee you will pay will be 15% of the amount you owe.

If we take back the Vehicle, we will sell it unless you exercise any right to cure or redeem the Vehicle that you may have under state law. The sale proceeds, less amounts we pay to take back the Vehicle, hold it, prepare it for sale, and sell it, and less our attorney's fees and legal costs if permitted by law, wibe used to pay the amount you owe on this Contract. Any money left will be paid to you unless the law requires that we pay it to someone else. If the sale proceeds are not enough to pay off this Contract and costs, you will pay what is still owed (the deficiency) to us. If we repossess the Vehicle, you may be required to pay our actual costs of taking and storing the Vehicle to the extent such charges are permitted by law. If you owe us a deficiency, you may be charged interest at the Annual Percentage Rate or the highest lawful rate until you pay us all that you owe.

We can, without notice, delay enforcing our rights or exercise only part of them without losing them, waive a right we have without waiving it for subsequent opportunities to exercise that right, and waive a right we have as to one Buyer without waiving it as to the other(s).

**Assignment:** You may not assign your rights in the Vehicle or under this Contract without our written permission. We may sell or assign our rights in this Contract without your permission. We may sell or assign this Contract for an amount that is more than or less than the Amount Financed.

**Credit Reports:** You authorize us and any person to whom this Contract may be assigned to obtain a consumer credit report on you and to investigate your credit and employment history.

**General:** Any change in this Contract must be written and signed by you and us. The law of the state of the Seller's place of business shown in this Contract applies to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. The rest of this Contract will still be good.

**NO COOLING OFF PERIOD: State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind.**

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

| NOTICES REQUIRED BY FEDERAL LAW | |
|---|---|
| Used motor vehicle buyers guide. **The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.** Guía para compradores de vehículos usados. **La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.** | **NOTICE TO BUYERS FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES:** |
| | **NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.** |
| Seller assigns its interest in this contract to _____ (Assignee) under the terms of Seller's agreement(s) with Assignee. | |
| ☐ Assigned with recourse    ☐ Assigned without recourse    ☐ Assigned with limited recourse | |
| Seller _____    By _____    Title _____ | |

© COPYRIGHT 2005 Wayne Reaves Computer Systems, Inc.
HC#48139v4 (4829-5356-4929) Alabama (Rev. 10/07)

Buyer's Initials _mu_

## *Arbitration Agreement*

*Creditor's Name and Address*

TJS MOTORS INC
4193 ROSS CLARK CIR, DOTHAN, AL  36303

*Customer(s)' Name(s) and Address(es)*

MARY   WARD ████████

████████ Ashford, AL 36312-

VIN: ████████ 44301

| Please Read this Arbitration Agreement Carefully |
| --- |

**By signing this Arbitration Agreement, I understand and agree that for Claims arising out of or relating to the Transactions described below,**

- ◆ **I am giving up my right to go to court;**
- ◆ **I am giving up or limiting my rights that might be available in a judicial proceeding such as the right to compel testimony and the right to appeal the decision on such Claims;**
- ◆ **I am giving up my rights to join as a class representative or class member in any Class Action or Class Arbitration that I may have against you.**

### *Definitions*

*Arbitration Agreement* refers to this contract mandating Arbitration of Claims arising from or relating to the Transactions described below.

*Arbitration* refers to a way of deciding disputes by a neutral person called an arbitrator. An arbitrator follows less formal procedures than a judge in court does. An arbitrator decides the dispute with a binding award, meaning the award has the same obligatory effect as a decision by a court. A court may enforce an arbitration award, but a court's review of an arbitration award is limited.

*Claims* refer to any and all claims, disputes, or controversies based on contract, tort, statute, or otherwise between you and me about our respective rights, duties, obligations and liabilities arising out of or relating to the Transactions described below. *Claims* also refer to questions about if something is a Claim, how to conduct the Arbitration, and the interpretation of this *Arbitration Agreement*.

*Class Action* refers to a lawsuit involving a large group of people with similar claims against the same persons or companies.

*Class Arbitration* refers to an Arbitration involving a large group of people with similar claims against the same persons or companies.

*You and your* refer to Creditor identified above, its employees, agents, successors, and assigns.

*I and me* refer to any and all individuals and entities identified above as "Customer(s)", their employees, agents, successors, and assigns.

Customized by Wayne Reaves Computer Systems, Inc.
ARBITRATION AGREEMENT - CONSUMER LENDING
Bankers Systems ™
Wolters Kluwer Financial Services © 2007
XARBCONL.PDF (137U/337) VER: DOT NET

ARBCONL㏿   12/19/2007
Initials: _m_
Page 1 of 4



EXHIBIT

2

*Transactions* refer to:

☒ Any and all past, present, and future transactions and agreements between you and me in which I am or may become obligated to you and all related documents.

☐ The following specific transactions and agreements between you and me and all related documents:

_____
_____
_____
_____
_____

### Agreement to Arbitrate

At your or my election, any Claims between you and me that arise out of or relate to the Transactions are to be decided by neutral, binding Arbitration. Also, to the extent allowed by law, the validity, scope, and interpretation of this Arbitration Agreement is to be resolved by neutral, binding Arbitration.

### Waiver of Class Action and Class Arbitration

If you or I choose to arbitrate a Claim, you and I agree that no trial by jury or by judge and no other judicial proceeding, including Class Action proceedings, take place. You and I also agree that Claims are to be heard and decided by one arbitrator only, only on an individual basis, and not as Class Arbitration.

### Arbitration Providers and Their Rules

For the Arbitration, you or I may choose one of the following arbitration providers with its applicable rules: the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), and the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.adrforum.com). You can get a copy of the rules of these arbitration providers by contacting them or by visiting their respective websites.

### Place of Arbitration and Costs

The Arbitration hearing must be carried out in the federal judicial district where I live, unless you and I agree otherwise. If Arbitration begins, you shall advance any filing, administrative, commencement, service, or case management fees and arbitrator or hearing fees up to a total amount of $ 2500.00                 . I understand and agree that I may have to repay you later for part or all of the amount you have advanced. Each of us is responsible for the fees of our own attorneys, experts, witnesses, and other costs of Arbitration. The arbitrator may decide, however, who is finally responsible for these fees and costs as provided by law.

Customized by Wayne Reaves Computer Systems, Inc.
ARBITRATION AGREEMENT - CONSUMER LENDING
Bankers Systems™
Wolters Kluwer Financial Services © 2007
XARBCONL_PDF (137U/337) VER: DOT NET

## Arbitrator's Authority

The arbitrator must be a lawyer or a former judge. The arbitrator shall follow substantive law in making an award. The arbitrator has the authority to order specific performance, compensatory damages, punitive damages and any other relief allowed by applicable law. Other than the grounds for review under the Federal Arbitration Act, the arbitration award is final and binding on all parties. Any court having jurisdiction may enforce the arbitration award.

## Preservation of Remedies

You or I can do the following without giving up the right to require Arbitration:
  ◆ To seek remedies in small claims court for Claims within that court's jurisdiction, unless these Claims are transferred, removed, or appealed to a different court.  If so, either you or I can require the transfer of these Claims to Arbitration;
  ◆ To seek judicial provisional remedies;
  ◆ To exercise self-help remedies and to take measures that do not involve a court or Arbitration, including, but not limited to, setting off against a deposit account and repossessing property; and
  ◆ To exercise foreclosure against any real or personal property, collateral, or other security.

## Governing Law

The Federal Arbitration Act (9 U.S.C. § 1 *et. seq.*) governs this Arbitration Agreement, and not any state law concerning Arbitration, including state law arbitration rules and procedures.

## General Terms

This Arbitration Agreement
  ◆ Is made under Transactions involving interstate commerce;
  ◆ Is the entire agreement between you and me on Arbitration, replacing all previous written and oral negotiations and agreements between you and me on Arbitration, and it may be changed only by a signed written agreement between you and me.

If any part of this Arbitration Agreement is not enforceable, the rest is enforceable; but if the waiver of class action rights is unenforceable, this entire Arbitration Agreement is unenforceable.

The paragraph headings are solely for convenience and not for interpreting this Arbitration Agreement; therefore, they have no legal meaning.

## Waiver Of Right To Trial By Judge Or By Jury

**By signing this Arbitration Agreement, you and I understand and agree that**
  ◆ **You and I have a right to have Claims decided by a trial by judge or by jury, but if you or I so elect, you and I prefer to have them decided by an arbitrator;**
  ◆ **We are obligated by all the Arbitration Agreement terms; and**
  ◆ **We explicitly and knowingly give up our rights to trial by judge or by jury to the extent that you or I elect to have Claims decided by Arbitration, unless the law says otherwise.**

Customized by Wayne Reaves Computer Systems, Inc.
ARBITRATION AGREEMENT - CONSUMER LENDING
Bankers Systems™
Wolters Kluwer Financial Services © 2007
XARBCONL.PDF (137U/337) VER: DOT NET

ARBCONLEN 12/19/2007
Initials: ___
Page 3 of 4

> **CAUTION - I should read this Arbitration Agreement carefully before I sign it.  If I do not understand it, I should not sign it; instead, I should ask my attorney to explain it to me.**

## Signatures

By signing below, you and I agree to the terms of this Arbitration Agreement. You and I confirm that we have each received a copy of this Arbitration Agreement.

X _____          X _____

MARY WARD                03/12/2015          _____ 03/12/2015
                         (Date)                                  (Date)

X _____          X _____

_____ (Date)          _____ (Date)

Signed _____ for Creditor

TJS MOTORS INC

Customized by Wayne Reaves Computer Systems, Inc.
ARBITRATION AGREEMENT - CONSUMER LENDING
Bankers Systems™
Wolters Kluwer Financial Services © 2007
XARBCONL.PDF (137U/337) VER: DOT NET

ARBCONLEN 12/19/2007
Initials: _____   Page 4 of 4